1  RYAN S. FIFE (State Bar No. 235000)
   ALEXIS N. BURGESS (State Bar No. 279328)
2  DRINKER BIDDLE & REATH LLP
   1800 Century Park East, Suite 1500
3  Los Angeles, California 90067-1517
   Telephone:   (310) 203-4000
4  Facsimile:   (310) 229-1285
   ryan.fife@dbr.com
5  alexis.burgess@dbr.com

6  Attorneys for Defendant
7  LINCOLN BENEFIT LIFE COMPANY

8

9             UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                 (WESTERN DIVISION)

12

13  AEI LIFE, LLC,                        Case No. 2:16-mc-0090

14              Plaintiff,
                                          **MEMORANDUM OF POINTS AND
15  v.                                    AUTHORITIES IN SUPPORT OF
                                          DEFENDANT'S MOTION TO
16  LINCOLN BENEFIT LIFE                  COMPEL COMPLIANCE WITH
    COMPANY,                              THIRD-PARTY DEPOSITION
17                                        SUBPOENA ISSUED BY FOREIGN
              Defendant.                  COURT**
18
19                                        **[FRCP 37, 45]**

20                                        Date:      TBD
                                          Time:      TBD
21                                        Judge:     TBD
                                          Courtroom: TBD
22
                                          *[Notice of Motion and Motion,
23                                        Declaration of Leslie Coletti, and
                                          [Proposed] Order filed concurrently
24                                        herewith]*

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

Pursuant to Rules 37 and 45 of the Federal Rules of Civil Procedure, Defendant Lincoln Benefit Life Company ("Lincoln Benefit") hereby moves, by and through its undersigned counsel, to compel discovery from third party Shlomo Rechnitz.  In support thereof, Lincoln Benefit avers the following:

## I.

## INTRODUCTION

Shlomo Rechnitz has failed to comply with a deposition subpoena served on him by Lincoln Benefit pursuant to Rule 45 in connection with a pending action in the United States District Court for the Eastern District of New York.  In that action, the parties dispute the validity of a multi-million dollar life insurance policy. Among other things, it is Lincoln Benefit's position that the insured lacked knowledge of the subject policy and did not in any way fund the premiums to pay for the policy.

Discovery has revealed that Mr. Rechnitz funded the premiums for the policy.   Mr. Rechnitz therefore is a key witness in this dispute, and it is imperative that Lincoln Benefit have the opportunity to take Mr. Rechnitz's deposition.  Thus, as set forth more fully below, Lincoln Benefit respectfully requests that the Court compel Mr. Rechnitz to respond to the discovery in accordance with Rule 45.

## II.

## NATURE OF CLAIMS AND PROCEDURAL POSTURE

By way of background, this case is pending in the Eastern District of New York (*AEI Life, LLC v. Lincoln Benefit Life Co.*, Case No. 14-6449 (JBW) (JO) (the "EDNY Action")) and concerns a life insurance policy that Lincoln Benefit issued on the life of Gabriela Fischer.  The original owner of the policy was the Gabriela Fischer Trust.  EDNY Action, D. E. #42-1(Lincoln Benefit's Response to Plaintiff's Statement of Uncontested Material Facts), ¶2.  Plaintiff in the EDNY Action, AEI Life, LLC ("AEI"), became the owner and beneficiary of the policy. *Id.* at ¶10.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL
COMPLIANCE WITH THIRD-PARTY DEPOSITION SUBPOENA ISSUED BY FOREIGN COURT

On September 3, 2014, AEI filed its complaint in the Supreme Court of the State of New York, County of Kings, against Lincoln Benefit, seeking a declaration that the life insurance policy issued on the life of Ms. Fischer, for which AEI now serves as owner and beneficiary, is in "full force and effect."  EDNY Action, D. E. #1 at Ex. A, ¶ 6.  On October 31, 2014, Lincoln Benefit removed the case to the United States District Court for the Eastern District of New York.  EDNY Action, D.E. # 1.

In discovery, Lincoln Benefit discovered several clear indicators of fraud in connection with the Policy.  *See generally* EDNY Action, D.E. # 42 (Lincoln Benefit's response in opposition to AEI's motion for summary judgment).  Most importantly, it is clear that the insured could not pay the premiums for the Policy, and there is evidence suggesting that premiums were instead paid by a third party, Mr. Rechnitz, who is the subject of this motion to compel.  There is also evidence that the Policy was procured without the insured's knowledge.

The parties completed discovery, and AEI filed a motion for summary judgment.  EDNY Action, D.E. #40.  The hearing on AEI's motion for summary judgment took place on April 13, 2016.  EDNY Action, D.E. #50.  The district court denied AEI's motion with leave to renew following a 90-day period of additional discovery.  EDNY Action, D.E. #50-51.  The court permitted this additional period of discovery so that the parties could further explore the facts and circumstances surrounding the procurement and issuance of the subject policy.

### III.

### FACTUAL BACKGROUND

### A.    Lincoln Benefit's Subpoena on Mr. Rechnitz.

In April 2016, Lincoln Benefit issued a subpoena to Shlomo Rechnitz for his testimony.  (Declaration of Leslie Coletti ("Coletti Decl.") ¶ 2, Ex. A.)  The subpoena commanded Mr. Rechnitz to appear for deposition on May 24, 2016, at the offices of Lincoln Benefit's counsel, a location less than 5 miles from Mr.

1    Rechnitz's residence.  (*Id.*)

2         On April 19, 2016, a process server attempted to serve a copy of the

3    subpoena for testimony upon Mr. Rechnitz, but there was no answer at the door.

4    (*Id.* ¶ 3, Ex. B.)  On that date, the process server could see lights and a television on

5    inside the residence.  (*Id.*)  The process server tried again the next day, on April 20,

6    2016, but there was no answer at the door.  (*Id.*)  The process server stated that, on

7    that date, he could hear people inside the residence.  (*Id.*)  The process server tried

8    at two separate times the next day on April 21, 2016, but there was—again—no

9    answer at the door either time.  (*Id.*)   The process server reported that one of the

10   times he could hear "plates and glasses clinking inside."  (*Id.*)

11        The process server did not attempt service during the Passover holiday.  The

12   process server resumed attempting service of the subpoena on May 5, 2016, when

13   he conducted surveillance of the address from 8 am to 10 am in further efforts to

14   serve the subpoena, but did not see anyone enter or leave the residence.  (*Id.*)  The

15   process server again conducted surveillance on May 6, 2016, this time beginning

16   around 7:30 am.  (*Id.*)  He subsequently observed a female resident leaving the

17   address and served her with a copy of the subpoena.  (*Id.*)  The witness fee was also

18   tendered at this time.  (*Id.*)   A copy of the subpoena was also sent to Mr.

19   Rechnitz's address by first class mail.  (*Id.* ¶ 4, Ex. C.)[1]

20   _____

21   [1] Because the subpoena served did not specify the method of recording the
     deposition, on May 17, 2016, Lincoln Benefit issued an amended subpoena for
22   deposition to Mr. Rechnitz.  (Id. ¶ 5, Ex. D at 2-4.)  The amended subpoena was
     identical to the original subpoena, except that it specified that the method of
23   recording the deposition would be stenographic and videographic.  (*Id.*)

24

25   Lincoln Benefit attached a cover letter to the amended subpoena, addressed to Mr.
     Rechnitz, which explained that his presence was required on May 24, 2016.  (*Id.* at
26   1.)  Specifically, the letter explained that "[e]nclosed is a copy of an amended
     subpoena for deposition, which was previously served on you, commanding you to
27   appear for a deposition on May 24, 2016."  (*Id.*)  The letter continued that "the
     enclosed amended subpoena still requires you to appear for deposition on May 24,

28

Drinker Biddle &
Reath LLP
Attorneys At Law
Los Angeles

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL
COMPLIANCE WITH THIRD-PARTY DEPOSITION SUBPOENA ISSUED BY FOREIGN COURT

On May 24, 2016, counsel for AEI and counsel for Lincoln Benefit appeared for the deposition of Mr. Rechnitz. (*Id.* ¶ 8.) However, Mr. Rechnitz failed to appear. (*Id.* ¶ 9.) Mr. Rechnitz never contacted counsel for Lincoln Benefit indicating that he needed to reschedule the deposition, or any other reason that he could not comply with the subpoena. (*Id.* ¶ 10.) Mr. Rechnitz instead failed to comply or otherwise respond to the subpoena.

On June 2, 2016, counsel for Lincoln Benefit sent Mr. Rechnitz a letter in an attempt to meet and confer and reschedule the deposition. (*Id.* ¶ 11, Ex. G.) The letter stated that Mr. Rechnitz should contact Lincoln Benefit's counsel by June 13, 2016; otherwise, Lincoln Benefit would be forced to file a motion to compel and would seek its costs and fees. (*Id.*) As of June 14, 2016, Mr. Rechnitz had not contacted counsel for Lincoln Benefit. (*Id.* ¶ 12.) On June 16, 2016, counsel for Lincoln Benefit began the process of filing this motion to compel. (*Id.* ¶ 13.) That same day, counsel for Lincoln Benefit received a phone call from counsel for Mr. Rechnitz. (*Id.*) Since that date, the parties have attempted to work together to resolve this matter, but have been unable to do so. (*Id.* ¶ 14.)

## IV.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 permits a party to command a third party

2016" but that "the enclosed amended subpoena solely clarifies that the deposition will be recorded by stenographic and videographic means." (*Id.*) The letter offered that Mr. Rechnitz could contact counsel for Lincoln Benefit should he have any questions. (*Id.*)

Although the amended subpoena was identical to the original subpoena in every other way, out of an abundance of caution, Lincoln Benefit had the amended subpoena served on Mr. Rechnitz again via personal service. On May 18, 2016, a process server served a female resident (the same female resident as on May 6, 2016), with a copy of the cover letter and amended subpoena. (*Id.* ¶ 6, Ex. E.) A copy of the subpoena was also sent to Mr. Rechnitz's address by first class mail. (*Id.* ¶ 7, Ex. F.)

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL
COMPLIANCE WITH THIRD-PARTY DEPOSITION SUBPOENA ISSUED BY FOREIGN COURT

to attend a deposition.  Fed. R. Civ. Proc. 45(a)(1)(B).  A party may file a motion to compel a deposition when a nonparty witness fails to comply with a subpoena.  Fed. R. Civ. Proc. 37(a); *Siriphone v. Acceptance Indem. Ins. Co.*, No. 07-CV-1656-L (JMA), 2008 WL 2978482, at *1 (S.D. Cal. July 31, 2008); *Sprint Nextel Corp. v. Ace Wholesale, Inc.*, No. 2:14-CV-2119-RFB-VCF, 2015 WL 3649623, at *3 (D. Nev. June 10, 2015).  When a third party, without adequate excuse fails to obey a subpoena, he may be held in contempt.  F.R.C.P. 45(g).

With respect to discovery disputes, district courts have broad discretion in deciding motions to compel.  *See Mailhoit v. Home Depot U.S.A., Inc*., 285 F.R.D. 566, 571 (C.D. Cal. 2012) ("[t]he district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing oppressiveness, and weighing these factors in deciding whether discovery should be compelled") (quoting *Favale v. Roman Catholic Diocese of Bridgeport,* 235 F.R.D. 553, 558 (D. Conn. 2006)).  Further, Federal Rule of Civil Procedure 26 states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.

F.R.C.P. 26(b)(1).

## V.

## ARGUMENT

### A.    Mr. Rechnitz Should Be Compelled to Obey the Subpoena.

Mr. Rechnitz is a key witness in this case.  Discovery in this case has revealed that the subject life insurance policy was likely procured fraudulently, and possibly as part of a larger fraudulent scheme.  Indeed, it is possible that the policy was procured without even the insured's knowledge.  After reviewing the

Drinker Biddle &
Reath LLP
Attorneys At Law
Los Angeles

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL
COMPLIANCE WITH THIRD-PARTY DEPOSITION SUBPOENA ISSUED BY FOREIGN COURT

1  dispositive motions and responsive briefing in the case, the Eastern District of New

2  York, the court in which this action is pending, determined that additional

3  discovery into the facts and circumstances surrounding the procurement of the

4  policy is warranted.  Judge Weinstein was particularly interested to learn about the

5  funding for the policy.  Accordingly, Lincoln Benefit has sought the testimony of

6  Mr. Rechnitz, but he has failed to comply with the deposition subpoena served on

7  him.

8       Mr. Rechnitz's testimony is critical to understanding the facts and

9  circumstances surrounding the procurement of the policy.  During discovery,

10  Lincoln Benefit obtained bank records of the Gabriela Fischer Trust, the trust that

11  owned the subject policy at the time of the policy's issuance.  These records reveal

12  that Mr. Rechnitz wired large sums of money from his bank account to the trust's

13  bank account on the same day that the trust paid the first premium on the policy.

14  Thus, it appears that Mr. Rechnitz possesses highly relevant and valuable

15  information to this case, as he was involved with the procurement of the policy and

16  the paying of premiums on the policy.

17       Discovery has also revealed that the insured may not have even known about

18  the policy.  For example, as set forth in Lincoln Benefit's response in opposition to

19  AEI's motion for summary judgment (EDNY Action, D.E. #42), Lincoln Benefit's

20  handwriting expert identified at least 10 forged signatures purportedly of the

21  insured in connection with the policy.  As Mr. Rechnitz appears to be the individual

22  who at least paid the initial premiums on the policy, and therefore had some

23  involvement with the policy at the time it was issued, his testimony is critical to

24  understanding how the policy was procured and who was (or was not) involved.

25       Lincoln Benefit was ready and willing to accommodate Mr. Rechnitz's

26  schedule if he had a scheduling issue with the deposition subpoena, or otherwise

27  agree to another resolution.  However, the parties have been unable to reach an

28  agreement.  (Coletti Decl. ¶¶ 9-14.)  Because Mr. Rechnitz possesses critical

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL
COMPLIANCE WITH THIRD-PARTY DEPOSITION SUBPOENA ISSUED BY FOREIGN COURT

testimony, Lincoln Benefit respectfully requests that this Court enter an order compelling Mr. Rechnitz to submit to a deposition within fourteen (14) days of entry on a date that both AEI's counsel and Lincoln Benefit's counsel are able to attend and participate.

## B.     Lincoln Benefit Is Entitled To Recover Its Fees and Costs Incurred In Bringing This Motion.

Rule 37(a) authorizes a party to seek a motion to compel discovery "when a deponent fails to meaningfully participate in a scheduled deposition and directs the court to award reasonable expenses incurred in making the motion to compel if such motion is granted; provided the movant attempted in good faith to obtain the requested discovery before filing the motion, the failure to provide the discovery was unjustified, and the circumstances justify an award of expenses." *Dallas Buyers Club, LLC v. Doe- 71-237-192-131*, No. 3:15-CV-731-AC, 2016 WL 96152, at *3 (D. Or. Jan. 7, 2016). This rule applies to a motion to compel a nonparty at a Rule 45 deposition. *See id.* (citing *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.4 (9th Cir. 1983) (noting that rule 37 authorizes an award of expenses, including attorneys' fees, and that such provision applies to a successful motion to compel a nonparty to attend a deposition).

Mr. Rechnitz refused to comply with the subpoena, and has provided no justification for his noncompliance. (Coletti Decl. ¶¶ 9-10.) Although counsel for both parties attempted to reach a resolution, they have been unable to do so. (Coletti Decl. ¶¶ 11-14.) To date, Lincoln Benefit has incurred $3,068 in costs and fees in connection with attending the scheduled deposition, at which Mr. Rechnitz failed to appear, and in bringing this motion to compel his testimony. (*Id.* ¶ 15.) Lincoln Benefit respectfully requests this Court enter an order requiring Mr. Rechnitz to reimburse Lincoln Benefit for all such reasonable costs and fees.

Drinker Biddle &
Reath LLP
Attorneys At Law
Los Angeles

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL
COMPLIANCE WITH THIRD-PARTY DEPOSITION SUBPOENA ISSUED BY FOREIGN COURT

**VI.**

**CONCLUSION**

For the foregoing reasons, Lincoln Benefit respectfully requests that the Court (1) grant its motion to compel Shlomo Rechnitz's deposition on a date, within 14 days of entry, that is mutually acceptable to Mr. Rechnitz and counsel for the parties, and (2) order Mr. Rechnitz to reimburse Lincoln Benefit for its reasonable costs and fees incurred as a result of Mr. Rechnitz's failure to comply voluntarily.

Dated:     July 7, 2016                    Respectfully submitted,

                                           DRINKER BIDDLE & REATH LLP


                                           By: _____/s/ Ryan S. Fife_____
                                                 Ryan S. Fife

                                           Attorneys for Defendant
                                           LINCOLN BENEFIT LIFE COMPANY

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

8
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL
COMPLIANCE WITH THIRD-PARTY DEPOSITION SUBPOENA ISSUED BY FOREIGN COURT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am a citizen of the United States and employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Drinker Biddle & Reath LLP, 1800 Century Park East, Suite 1500, Los Angeles, California 90067.

On **July 7, 2016**, I served the foregoing document described as: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY DEPOSITION SUBPOENA ISSUED BY FOREIGN COURT** on the interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

      **SEE ATTACHED LIST**

_X_   **By ELECTRONIC SERVICE** (I electronically served the foregoing using the Court's Case Management/Electronic Case Filing ("CM/ECF") system which will send notification of such service to counsel denoted above.)

_X_   **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

____   **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

____   **By FAX TRANSMISSION**

_X_   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **July 7**, **2016** at Los Angeles, California.

    Alexis N. Burgess                  _/s/ Alexis N. Burgess_
Name                              Signature

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL
COMPLIANCE WITH THIRD-PARTY DEPOSITION SUBPOENA ISSUED BY FOREIGN COURT

1
2

## SERVICE LIST

*AEI Life, LLC v.  Lincoln Benefit Life Company, Case No. 2:16-mc-0090*

3
4
5
6
7

Eric Biderman
Arent Fox LLP
1675 Broadway
New York, NY 10019-5820
Phone: (212)484-3900
Fax: (212)484-3990
Email: eric.biderman@arentfox.com

*Attorneys for Plaintiff AEI Life, LLC*

8
9
10
11

Gerald Kroll
Kroll Law Corp
1187 Coast Village Rd # 486
Santa Barbara, CA 93108
Phone: 310-598-1255
Email: gkroll@krollcorporation.com

*Attorneys for Non-Party Shlomo Rechnitz*

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL
COMPLIANCE WITH THIRD-PARTY DEPOSITION SUBPOENA ISSUED BY FOREIGN COURT