RYAN S. FIFE (State Bar No. 235000)
ALEXIS N. BURGESS (State Bar No. 279328)
DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1500
Los Angeles, California 90067-1517
Telephone:   (310) 203-4000
Facsimile:    (310) 229-1285
ryan.fife@dbr.com
alexis.burgess@dbr.com

Attorneys for Defendant
LINCOLN BENEFIT LIFE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## (WESTERN DIVISION)

| | |
|---|---|
| AEI LIFE, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>LINCOLN BENEFIT LIFE<br>COMPANY,<br><br>                    Defendant. | Case No.  2:16-mc-0090<br><br>**DECLARATION OF LESLIE COLETTI  IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY DEPOSITION SUBPOENA ISSUED BY FOREIGN COURT**<br><br>**[FRCP 37, 45]**<br><br>Date:        TBD<br>Time:        TBD<br>Judge:       TBD<br>Courtroom: TBD<br><br>*[Notice of Motion and Motion, Declaration of Leslie Coletti, and [Proposed] Order filed concurrently herewith]* |

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO COMPEL COMPLIANCE
WITH DEPOSITION SUBPOENA

I, Leslie Coletti, declare the following:

1.      I am an attorney at the law firm of Drinker Biddle & Reath LLP, One Logan Square, Suite 2000, Philadelphia, PA 19103, counsel of record for Defendant Lincoln Benefit Life Company ("Lincoln Benefit") in the above-referenced action. I make this declaration in support of Lincoln Benefit's Motion to Compel Third Party Shlomo Rechnitz to Comply With Deposition Subpoena, pursuant to 28 U.S.C. § 1746. All of the contents of this declaration are of my own personal knowledge, and if called upon to do so, I could and would competently testify thereto.

2.      On April 15, 2016, I issued a deposition subpoena to Shlomo Rechnitz (the "Subpoena"), a true and correct copy of which is attached hereto as Exhibit A.

3.      A true and correct copy of the Affidavit of Service of the Subpoena dated May 11, 2016 is attached hereto as Exhibit B.

4.      A true and correct copy of the Affidavit of Mailing of the Subpoena dated May 10, 2016 is attached hereto as Exhibit C.

5.      On May 17, 2016, I issued an amended deposition subpoena to Mr. Rechnitz (the "Amended Subpoena"), a true and correct copy of which is attached hereto as Exhibit D.

6.      A true and correct copy of the Affidavit of Service of the Amended Subpoena dated May 20, 2016 is attached hereto as Exhibit E.

7.      A true and correct copy of the Affidavit of Mailing of the Amended Subpoena dated May 19, 2016 is attached hereto as Exhibit F.

8.      On May 24, 2016, counsel for AEI and counsel for Lincoln Benefit appeared for the deposition of Mr. Rechnitz at the location specified in the Amended Subpoena.

9.      However, Mr. Rechnitz failed to appear on May 24, 2016.

/ / /

/ / /

1     10.    Mr. Rechnitz never contacted counsel for Lincoln Benefit indicating

2 that he needed to reschedule the deposition, or any other reason that he could not

3 comply with the Amended Subpoena.

4     11.    On June 2, 2016, I sent Mr. Rechnitz a letter requesting that he contact

5 me by June 13, 2016, so that we could meet and confer to reschedule his deposition.

6 The letter further stated that Mr. Rechnitz should contact me by June 13, 2016;

7 otherwise, Lincoln Benefit would be forced to file a motion to compel and would

8 seek its costs and fees. A true and correct copy of my June 2 letter is attached

9 hereto as Exhibit G.

10     12.    As of June 14, 2016, I had not been contacted by Mr. Rechnitz or

11 anyone on his behalf.

12     13.    On June 16, 2016, I began the process of filing this motion to compel.

13 That same day, I received a phone call from counsel for Mr. Rechnitz.

14     14.    Since then, the parties have attempted to work together to resolve this

15 matter, but have been unable to do so.

16     15.    To date, Lincoln Benefit has incurred approximately $3,068 (10.4

17 hours at $295 per hour) in costs and fees in connection with appearing for Mr.

18 Rechnitz's deposition, attempting to meet and confer, and bringing this motion to

19 compel. Lincoln Benefit will advise the court as to any additional costs and/or fees

20 incurred.

21     I declare under penalty of perjury of the laws of the United States of America

22 that the foregoing is true and correct.

23     Executed this $\underline{7}$th day of July, 2016 at Philadelphia, Pennsylvania.

24

25

26                    Leslie Coletti

27

28

- 2 -         MOTION TO COMPEL COMPLIANCE
WITH DEPOSITION SUBPOENA

# EXHIBIT A

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | | |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly
transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial
expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:

        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits
specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:

        **(i)** disclosing a trade secret or other confidential research, development,
or commercial information; or
        **(ii)** disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These
procedures apply to producing documents or electronically stored
information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.*
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The
person responding need not produce the same electronically stored
information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
AEI LIFE, LLC,

                Plaintiff,                   Civil Action No. 14-6449 (JBW)(JO)

        -against-                      AFFIDAVIT OF SERVICE

LINCOLN BENEFIT LIFE COMPANY,

                Defendant.
-----------------------------------------------------------X
STATE OF CALIFORNIA    )
                        S.S.:
COUNTY OF ORANGE      )

      **JOHN R. SHULTZ**, being duly sworn, deposes and says that he is over eighteen years of age, is an agent of the attorney service, DLS, INC., and is not a party to this action.

      That on the 19th day of April, 2016, at approximately 8:20 pm, deponent attempted to serve a true copy of the **LETTER and SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** upon **SHLOMO RECHNITZ** at 102 N. Alta Vista Blvd., Los Angeles, CA 90036, but there was no answer at the door. Deponent noticed that the lights and television were on inside the residence.

      That on the 20th day of April, 2016, at approximately 6:15 pm, deponent again attempted to serve a true copy of the **LETTER and SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** upon **SHLOMO RECHNITZ** at 102 N. Alta Vista Blvd., Los Angeles, CA 90036, but there was no answer at the door. Deponent heard people inside the residence.

      That on the 21st day of April, 2016, at approximately 11:30 am, deponent again attempted to serve a true copy of the **LETTER and SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** upon **SHLOMO RECHNITZ** at 102 N. Alta Vista Blvd., Los Angeles, CA 90036, but there was no answer at the door.

      That on the 21st day of April, 2016, at approximately 6:18 pm, deponent again attempted to serve a true copy of the **LETTER and SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** upon **SHLOMO RECHNITZ** at 102 N. Alta Vista Blvd., Los Angeles, CA 90036, but there was no answer at the door. Deponent heard plates and glasses clinking inside the residence.

D.L.S., Inc.
401 Broadway
Ste. 510
New York, NY 10013
212-925-1220
www.dlsnational.com



That on the 5th day of May, 2016, from approximately 8:00 am to 10:00 am, deponent conducted a surveillance and attempted to serve a true copy of the **LETTER and SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** upon **SHLOMO RECHNITZ** at 102 N. Alta Vista Blvd., Los Angeles, CA 90036, but deponent did not see anyone entering or leaving the residence.

That on the 5th day of May, 2016, from approximately 5:00 pm to 7:00 pm, deponent again conducted a surveillance and attempted to serve a true copy of the **LETTER and SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** upon **SHLOMO RECHNITZ** at 102 N. Alta Vista Blvd., Los Angeles, CA 90036, but deponent did not see anyone entering or leaving the residence.

That on the 6th day of May, 2016, while conducting a surveillance from approximately 7:30 am, deponent saw a female leaving the residence at approximately 8:10 am and served a true copy of the **LETTER and SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** upon **SHLOMO RECHNITZ** at 102 N. Alta Vista Blvd., Los Angeles, CA 90036, by personally delivering and leaving the same with **"JANE DOE"** (who refused to provide her name and is the same person served on December 17, 2015), Co-Resident, a person of suitable age and discretion at that address, the actual place of residence. At that time, a witness fee of $45.40 was tendered.

**"JANE DOE"** is a white female, approximately 50-55 years of age, stands approximately 5 feet 6 inches tall, and weighs approximately 150 pounds with brown hair.

**JOHN R. SHULTZ**

Sworn to before me this
11th day of May, 2016

NOTARY PUBLIC

COLLEEN DAWN
Commission # 2011693
Notary Public - California
Orange County
My Comm. Expires Apr 9, 2017

D.L.S., Inc.
401 Broadway
Ste. 510
New York, NY 10013
212-925-1220
www.dlsnational.com

# EXHIBIT C

DLS   **DEMOVSKY LAWYER SERVICE**
Premier Nationwide Document Retrieval and Process Service Company
800-443-1058

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

AEI LIFE, LLC,

           Plaintiff,                         Civil Action No. 14-6449 (JBW)(JO)

      -against-                        AFFIDAVIT OF MAILING

LINCOLN BENEFIT LIFE COMPANY,

           Defendant.
------------------------------------------------------------X
STATE OF NEW YORK     )
                      S.S.
COUNTY OF NEW YORK  )

        **SHIRLEY CHEN**, being duly sworn, deposes and says that she is over the age of eighteen years, is employed by the attorney service, DLS, INC., and is not a party to this action.

        That on the 6th day of May, 2016, deponent served a true copy of the **LETTER and SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** upon **SHLOMO RECHNITZ** by first class mail, by enclosing a true copy thereof in a securely sealed and postpaid wrapper with the words "PERSONAL AND CONFIDENTIAL" written on the same envelope, and not indicating on the outside that it is from an attorney or concerns an action against the person to be served, and depositing the same into an official depository maintained by the Government of the United States, City and State of New York, addressed as follows:

Shlomo Rechnitz
102 N. Alta Vista Blvd.
Los Angeles, CA 90036

_____
**SHIRLEY CHEN**

Sworn to before me this
10th day of May, 2016

NOTARY PUBLIC     JONATHAN RIPPS
                  Notary Public-State of New York
                  No. 01RI6109718
                  Qualified in New York County
                  Commission Expires May 17, 2020

D.L.S., Inc.
401 Broadway
Ste. 510
New York, NY 10013
212-925-1220
www.dlsnational.com

# EXHIBIT D



Katherine L. Villanueva
215-988-2535 Direct
215-988-2757 Fax
Katherine.Villanueva@dbr.com

Law Offices

One Logan Square, Ste. 2000
Philadelphia, PA
19103-6996

(215) 988-2700 phone
(215) 988-2757 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON D.C.
WISCONSIN

May 17, 2016

**VIA PERSONAL SERVICE**

Mr. Schlomo Rechnitz
102 N. Alta Vista Blvd.
Los Angeles, CA 90036

Re:   *AEI Life, LLC v. Lincoln Benefit Life Co.*, **Civil Action No. 14-CV-06449-JBW-JO**

Dear Mr. Rechnitz:

   I represent Lincoln Benefit Life Company ("Lincoln Benefit") in the above-referenced matter.  Enclosed is a copy of an amended subpoena for deposition, which was previously served on you, commanding you to appear for a deposition on May 24, 2016.  The enclosed amended subpoena still requires you to appear for deposition on May 24, 2016.  The enclosed amended subpoena solely clarifies that the deposition will be recorded by stenographic and videographic means.  If you have any questions, please feel free to contact me.  Otherwise, we look forward to seeing you at the deposition on May 24, 2016.

Very truly yours,

Katherine Villanueva

KV

Established 1849

1

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

|  | CLERK OF COURT | |
|---|---|---|
| | | OR |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____, who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
    **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT E

**DLS  DEMOVSKY LAWYER SERVICE**
Premier Nationwide Document Retrieval and Process Service Company
800-443-1058

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
AEI LIFE, LLC,

           Plaintiff,                       Civil Action No. 14-6449 (JBW)(JO)

         -against-                    AFFIDAVIT OF SERVICE

LINCOLN BENEFIT LIFE COMPANY,

           Defendant.
-----------------------------------------------------------X
STATE OF CALIFORNIA    )
                   S.S.:
COUNTY OF ORANGE     )

       **JOHN R. SHULTZ**, being duly sworn, deposes and says that he is over the age of eighteen

years, is an agent of the attorney service, DLS, INC., and is not a party of this action.

       That on the 18th day of May, 2016, at approximately the time of 10:42 am, deponent served a

true copy of the **LETTER DATED MAY 17, 2016 and SUBPOENA TO TESTIFY AT A**

**DEPOSITION IN A CIVIL ACTION** upon **SHLOMO RECHNITZ** at 102 N. Alta Vista Blvd., Los

Angeles, CA 90036 by personally delivering and leaving the same with **"JANE DOE"** (who refused to

provide her name and is the same person served on December 17, 2015 and May 6, 2016), Co-Resident, a

person of suitable age and discretion at that address, the actual place of residence. At the time of service,

deponent saw "Jane Doe" leaving the residence. He approached her and informed her that he has legal papers

to serve upon Shlomo Rechnitz. "Jane Doe" then turned around to go back into the residence and deponent

announced that she was served and that the papers will be left at the front door. Deponent then left the

foregoing papers at the front door of that address.

       **"JANE DOE"** is a white female, approximately 50-55 years of age, stands approximately 5

feet 6 inches tall, and weighs approximately 150 pounds with brown hair.

**JOHN R. SHULTZ**

Sworn to before me this
20th day of May, 2016

NOTARY PUBLIC

D.L.S., Inc.
401 Broadway
Ste. 510
New York, NY 10013
212-925-1220
www.dlsnational.com



COLLEEN DAWN
Commission # 2011693
Notary Public - California
Orange County
My Comm. Expires Apr 9, 2017

# EXHIBIT F

**DEMOVSKY LAWYER SERVICE**
Premier Nationwide Document Retrieval and Process Service Company
800-443-1058

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AEI LIFE, LLC,

          Plaintiff,                          Civil Action No. 14-6449 (JBW)(JO)

       -against-                         AFFIDAVIT OF MAILING

LINCOLN BENEFIT LIFE COMPANY,

          Defendant.
-------------------------------------------------------------X
STATE OF NEW YORK    )
                    S.S.
COUNTY OF NEW YORK   )

        **SHIRLEY CHEN**, being duly sworn, deposes and says that she is over the age of eighteen

years, is employed by the attorney service, DLS, INC., and is not a party to this action.

        That on the 18th day of May, 2016, deponent served a true copy of the **LETTER DATED**

**MAY 17, 2016 and SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** upon

**SHLOMO RECHNITZ** by first class mail, by enclosing a true copy thereof in a securely sealed and

postpaid wrapper with the words "PERSONAL AND CONFIDENTIAL" written on the same envelope, and

not indicating on the outside that it is from an attorney or concerns an action against the person to be served,

and depositing the same into an official depository maintained by the Government of the United States, City

and State of New York, addressed as follows:

Shlomo Rechnitz
102 N. Alta Vista Boulevard
Los Angeles, CA 90036

_____
**SHIRLEY CHEN**

Sworn to before me this
19th day of May, 2016

_____
NOTARY PUBLIC

JONATHAN RIPPS
Notary Public-State of New York
No. 01RI6109718
Qualified in New York County
Commission Expires May 17, 2020

D.L.S., Inc.
401 Broadway
Ste. 510
New York, NY 10013
212-925-1220
www.dlsnational.com

# EXHIBIT G

DrinkerBiddle&Reath
L L P

Leslie J. Coletti
215-988-2667 Direct
215-988-2757 Fax
Leslie.Coletti@dbr.com

*Law Offices*

One Logan Square, Ste. 2000
Philadelphia, PA
19103-6996

(215) 988-2700 phone
(215) 988-2757 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON D.C.
WISCONSIN

June 2, 2016

**VIA FEDERAL EXPRESS**

Mr. Shlomo Rechnitz
102 N. Alta Vista Blvd.
Los Angeles, CA 90036

> **Re:** *AEI Life, LLC v. Lincoln Benefit Life Co.*, Civil Action No. 14-CV-06449-JBW-JO

Dear Mr. Rechnitz:

    I represent Lincoln Benefit Life Company ("Lincoln Benefit") in the above-referenced matter. Enclosed is a copy of a subpoena for deposition that was served on you, which commanded your appearance at a deposition on May 24, 2016. The deposition took place on May 24, 2016, but you failed to appear at that time. We have not heard from you with respect to your failure to appear at the deposition. Please call me at the phone number above by June 13, 2016 to meet and confer, so that we can reschedule your deposition. **Otherwise, if we do not hear from you by <u>June 13, 2016</u>, we will file a motion to compel your deposition and will seek reimbursement of our costs and attorneys' fees in accordance with Rules 37 and 45 of the Federal Rules of Civil Procedure.**

Very truly yours,

Leslie Coletti

LC

*Established* 1849

1

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| AEI Life, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   14-6449 (JBW) (JO) |
| Lincoln Benefit Life Company | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:              Shlomo Rechnitz, 102 N. Alta Vista Blvd.
                 Los Angeles, CA 90036

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Drinker Biddle & Reath LLP 1800 Century Park East, Ste. 1500 Los Angeles, CA 90067-1517 | Date and Time: 05/24/2016 10:00 am |
|---|---|---|

The deposition will be recorded by this method:        stenographic and videographic

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/17/2016

            *CLERK OF COURT*

                                                OR

_____                    /s/ Katherine L. Villanueva
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Lincoln Benefit Life Company _____ , who issues or requests this subpoena, are:

Kate Villanueva, katherine.villanueva@dbr.com, 215-988-2535, DBR, One Logan Square, Ste. 2000, Phila., PA 19103

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   14-6449 (JBW) (JO)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____   for travel and $ _____   for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**PROOF OF SERVICE**

I am a citizen of the United States and employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Drinker Biddle & Reath LLP, 1800 Century Park East, Suite 1500, Los Angeles, California 90067.

On **July 7, 2016**, I served the foregoing document described as: **DECLARATION OF LESLIE COLETTI IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY DEPOSITION SUBPOENA ISSUED BY FOREIGN COURT** on the interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

    **SEE ATTACHED LIST**

_X_  **By ELECTRONIC SERVICE** (I electronically served the foregoing using the Court's Case Management/Electronic Case Filing ("CM/ECF") system which will send notification of such service to counsel denoted above.)

_X_  **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

____  **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

____  **By FAX TRANSMISSION**

_X_  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **July 7**, **2016** at Los Angeles, California.

    Alexis N. Burgess                 _/s/ Alexis N. Burgess_
Name                              Signature

1
2

## **SERVICE LIST**
*AEI Life, LLC v. Lincoln Benefit Life Company, Case No. 2:16-mc-0090*

3

4    Eric Biderman                                    *Attorneys for Plaintiff AEI Life, LLC*
     Arent Fox LLP
5    1675 Broadway
     New York, NY 10019-5820
6    Phone: (212)484-3900
     Fax: (212)484-3990
7    Email: eric.biderman@arentfox.com

8

9    Gerald Kroll                                     *Attorneys for Non-Party Shlomo*
     Kroll Law Corp                                   *Rechnitz*
10   1187 Coast Village Rd # 486
     Santa Barbara, CA 93108
11   Phone: 310-598-1255
     Email: gkroll@krollcorporation.com

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO COMPEL COMPLIANCE
WITH DEPOSITION SUBPOENA